UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BOBBY W., ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:20-CV-385-JVB |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|        Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Bobby W. seeks judicial review of the Social Security Commissioner's decision partially denying his application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.[1]

**PROCEDURAL BACKGROUND**

In Plaintiff's application for benefits, he alleged that he became disabled on April 7, 2017. After a January 18, 2019 hearing, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of history of left hip arthroscopy, status-post total right hip replacement, degenerative disc disease of the lumbar spine, and other specified depressive disorder. (AR 15). The ALJ determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . except that the claimant can never climb ladders, ropes or scaffolds but can occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, and crouch but never crawl. The claimant can never work at unprotected heights or around dangerous

---

[1] Plaintiff's request for an award of benefits, which is made in the reply but not in the opening brief, is waived. Furthermore, that relief is only available "if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Under this standard, an award of benefits would not be appropriate here even if the issue were not waived.

> machinery with moving mechanical parts. The claimant is limited to simple work-related decisions; and simple, routine tasks with no assembly line work or strictly-enforced daily production quotas.

(AR 17). The ALJ found that, in light of Plaintiff's RFC, Plaintiff became disabled when he became an "individual of advanced age" in February 2019. *See* 20 C.F.R. §§ 404.1563, 416.963. Prior to that, however, the ALJ found that Plaintiff was able to perform the representative occupations of ticket seller, parking lot attendant, and mailroom clerk. Accordingly, the ALJ found Plaintiff to be not disabled from April 7, 2017, through February 21, 2019, and found Plaintiff to be disabled as of February 22, 2019, through March 14, 2019, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a

conclusively disabling impairment, whether [he] can perform [his] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred in assessing a physical RFC that was unsupported by substantial evidence and the relevant legal standards and by failing to confront the more-restrictive checkbox limitations assessed by the state agency reviewing psychologists in assessing the mental residual functional capacity.

### A. Physical RFC

The ALJ, in finding that Plaintiff could perform a limited range of light work, concluded that Plaintiff could stand and walk for six hours out of an eight-hour workday. This finding is in agreement with the opinions of the state agency reviewing physicians, who did not examine Plaintiff and who expected his right hip impairments to resolve. *See* (AR 87, 118 (noting "healing acetabular fracture"). Their opinions are dated October 16, 2017, and January 17, 2018. The right hip issues did not resolve, and medical evidence submitted after the above opinions shows that Plaintiff developed a need for a left hip replacement, (AR 974), and he was diagnosed with post-laminectomy syndrome and "chronic intractable pain." (AR 962). New and potentially outcome-determinative medical evidence should be submitted for medical scrutiny; an ALJ should not form a lay opinion about its importance. *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014). Due to other reversible errors committed in determining Plaintiff's ability to walk, the Court need not determine wither the state agency reviewing physicians' opinions were too "stale" to rely upon.

Plaintiff developed gait issues, which led to multiple falls. (AR 831, 964, 966); *see also, e.g.*, (AR 916, 920, 926 (reporting "shuffling" gait)). It appears that the ALJ decided these gait issues were unimportant because of one instance of a normal gait in August 2017. *See* (AR 20). Ignoring the other evidence of abnormal gait is impermissible cherry-picking. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). It is the ALJ's responsibility to resolve conflicts in the evidence; however, ignoring lines of evidence contrary to the ALJ's findings is not a valid form of evidentiary conflict resolution.

Further, the pages cited for Plaintiff's gait in August 2017, Exhibit 16F at pages 6-7, report as follows: "has diff[iculty] with normal activity around the house. Basically anything that consist[s] of ambulation or walking," "pain was elicited by hip motion," and "tenderness observed with ambulation of the hips." (AR 973). Notably, these pages are a report from September 2018, not August 2017 as the ALJ stated. The same exhibit, 16F, includes a note from August 2017, but that reports that Plaintiff was still using crutches. (AR 978). So, even if one instance of normal gait in August 2017 were sufficient to override the other evidence of gait difficulties, and Court cannot follow the ALJ's reasoning on this point because the cited evidence does not report what the ALJ says it does and, in fact, undermines the ALJ's conclusion.

The ALJ took out of context Plaintiff's statement that he "took frequent walks." (AR 20). In context, the consultative examiner noted "[h]e tried to take frequent walks but noted that it takes him about three times as long as an unimpaired person to walk the same distance. After walking 1/4 a mile, he would need to stop and rest before turning around and going home." (AR 904). Similarly, the ALJ identified a trip Plaintiff took to West Virginia, (AR 20), but omitted the report

that this trip exacerbated his lower back and hip pain, (AR 841 (August 7, 2017 progress note)). The Commissioner tries to explain away the West Virginia trip by saying his decision to undertake the trip contradicts Plaintiff's August 17, 2017, statement that he is unable to sit for extended periods of time. (AR 270). However, the trip occurred sometime before August 7, 2017, so his August 17, 2017 statement is consistent with the August 7, 2017 progress note that his pain became worse on the West Virginia trip. Medical conditions do not always remain stable and do, in some instances, worsen. The ALJ did not build a logical build from the evidence to his conclusion that Plaintiff can stand and walk six out of eight hours in a workday. Remand is required.

The ALJ stated that the record does not reveal a history of falls. (AR 20). This is incorrect. *See* (AR 964 ("He has fallen a few times."); AR 831 ("[H]e has fallen on several occasions due to leg weakness.")). Further, the ALJ later in the same decision noted "gait issues due to his hips and back, which cause him to fall." (AR 21). There is no logical bridge here, and the ALJ's decision appears to be internally inconsistent. This is another ground for remand.

### B. Mental RFC

The ALJ stated that he gave "great weight" to the state agency reviewing psychologists' opinions, but he did not mention that Plaintiff had moderate limitations in his ability maintain attention and concentration for extended periods and to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (AR 88, 119). "[T]he ALJ . . . must adequately account for limitations identified . . . in the record, including specific questions raised in check-box sections of standardized forms." *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019); *see also Varga v. Colvin*, 794 F.3d 809, 814-16 (7th Cir. 2015). On remand, any ALJ that analyzes the evidence in this case is reminded to not ignore medical opinion evidence.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief, **REVERSES** the final decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings. The Court **RECOMMENDS** that, if this matter is set for another hearing before an ALJ, this matter be assigned to a different ALJ.

SO ORDERED on May 10, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT