UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BOBBY L. WRIGHT,<br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>　　　　Defendant. | )<br>)<br>)<br>)　CAUSE NO.: 3:20-CV-385-JVB<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Attorney's Motion for an Award of Attorneys Fees Under 42 U.S.C. 406(b) [DE 28] filed on May 19, 2023. On May 25, 2023, the Commissioner responded, indicating that she had no objection to the requested award and also noting that she had no financial stake in the outcome of the motion. The Court requested supplemental briefing from Plaintiff, which was filed on June 6, 2023.

The Court has jurisdiction over this fee petition pursuant to 42 U.S.C. § 406(b), as the Court remanded this case for further proceedings on May 10, 2021. Plaintiff prevailed on remand when the Administrative Law Judge issued a favorable decision. On March 5, 2022, the Social Security Administration sent a notice of change in benefits indicating that it was awarding benefits for the period from October 2017 through January 2022. Plaintiff was awarded past-due benefits of $16,164.00, and 25% of the award—$4,041.00—was withheld for the payment of Plaintiff's representation. Previously, EAJA fees were awarded to Plaintiff in the amount of $2,636.25.

The Social Security Act allows for a reasonable fee to be awarded for representation at the administrative level, *see* 42 U.S.C. § 406(a), and representation before the Court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under section 406(b)(1), a court may award up to 25% of past due

benefits to which the claimant is entitled by reason of a judgment rendered in favor of the claimant. *See* 42 U.S.C. § 406(b)(1). This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under Sections 406(a) and 406(b). *Culbertson*, 139 S. Ct. at 523. Plaintiff's contract with his counsel provides that "[i]]n no case will the fee that comes out of the back benefits paid on my account be greater than 25% of back benefits (including the fee paid for work on my case before the Social Security Administration)." (Agreement at 1, ECF No. 29-1). In supplemental briefing, counsel clarified that he and his law firm received no fee for work done at the administrative level during the relevant time period.

An award of EAJA fees under 42 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796. Plaintiff agreed to pay counsel a maximum of 25% of all past-due benefits awarded. Plaintiff's counsel requests that the Court grant an award of $4,041.00, upon receipt of which counsel will refund to Plaintiff the EAJA fees previously received.

Having reviewed the motion, noting the lack of objection, and finding the fee reasonable for the hours of legal work spent and the lifetime benefit to Plaintiff, the Court hereby **GRANTS** Plaintiff's Attorney's Motion for an Award of Attorneys Fees Under 42 U.S.C. 406(b) [DE 28] and **AWARDS** Plaintiff's counsel a fee of $4,041.00 pursuant to § 406(b)(1) of the Social Security Act. The Court **ORDERS** Plaintiff's counsel, upon receipt of the § 406(b) award, to refund the EAJA award to Plaintiff.

SO ORDERED on June 9, 2023.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT